```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
STRIKE 3 HOLDINGS, LLC,                                                :
                                                                       :
                              Plaintiff,                               :
                                                                       :           25 Civ. 5662 (JPC)
              -v-                                                      :
                                                                       :           ORDER
JOHN DOE subscriber assigned IP address 72.69.118.17,                  :
                                                                       :
                              Defendant.                               :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

The Court is in receipt of Plaintiff Strike 3 Holdings, LLC's motion seeking leave to serve a Rule 45 subpoena on Verizon Fios, the internet service provider for Defendant John Doe, prior to a Rule 26(f) conference.  Based on its review of Plaintiff's memorandum of law, Dkt. 7, and the accompanying declarations, the Court finds that Plaintiff has established that good cause exists for it to serve the requested subpoena.  Therefore,

**IT IS HEREBY ORDERED** that Plaintiff may immediately serve a Rule 45 subpoena on Verizon Fios, which it has identified as Defendant's internet service provider ("ISP"), to obtain information to identify Defendant, specifically her or his true name and current and permanent address.  Plaintiff is expressly **not** permitted to subpoena Verizon Fios for Defendant's email addresses or telephone numbers.  The subpoena shall have a copy of this Order attached, along with the "Notice to Defendant" attached as an exhibit to this Order.  Plaintiff may also serve a Rule 45 subpoena in the same manner, with the same express limitation, on any ISP that is identified as a provider of internet services to Defendant in response to a subpoena served pursuant to this Order.

**IT IS FURTHER ORDERED** that Verizon Fios will have 60 days from the date of service of the Rule 45 subpoena upon them to serve Defendant with a copy of the subpoena, a copy of this Order, and a copy of the "Notice to Defendant." **The Order should be attached to the "Notice to Defendant" such that the "Notice to Defendant" is the first page of the materials enclosed with the subpoena.** Verizon Fios may serve Defendant using any reasonable means, including written notice sent to her or his last known address, transmitted either by first-class mail or via overnight service.

**IT IS FURTHER ORDERED** that Defendant shall have 60 days from the date of service of the Rule 45 subpoena and this Order upon her or him to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. Verizon Fios may **not** turn over Defendant's identifying information to Strike 3 before the expiration of this 60-day period. Additionally, if Defendant or Verizon Fios files a motion to quash the subpoena, Verizon Fios may not turn over any information to Plaintiff until the motions have been decided and the Court issues an Order instructing Verizon Fios to resume in turning over the requested discovery.

**IT IS FURTHER ORDERED** that if that 60-day period lapses without Defendant or Verizon Fios contesting the subpoena, Verizon Fios shall have 10 days to produce the information responsive to the subpoena to Plaintiff. Defendant, should he or she move to quash the subpoena or to proceed anonymously, shall at the same time as her or his filing also notify Verizon Fios so that it is on notice not to release any of Defendant's contact information to Plaintiff until the Court rules on any such motions.

**IT IS FURTHER ORDERED** that Verizon Fios shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. Should

Verizon Fios elect to charge for the costs of production, it shall provide a billing summary and cost report to Plaintiff.

**IT IS FURTHER ORDERED** that any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting its rights as set forth in its complaint.

SO ORDERED.

Dated: July 22, 2025
      New York, New York

                                                 JOHN P. CRONAN
                                       United States District Judge

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
STRIKE 3 HOLDINGS, LLC,                                           :
                                                                  :
                          Plaintiff,                              :
                                                                  :      25 Civ. 5662 (JPC)
           -v-                                                    :
                                                                  :
JOHN DOE subscriber assigned IP address 72.69.118.17,             :
                                                                  :
                          Defendant.                              :
                                                                  :
------------------------------------------------------------------X
```

# **<u>NOTICE TO DEFENDANT</u>**

1. You are a defendant in the above-captioned case *Strike 3 Holdings, LLC, v. John Doe*, a case now pending before the Honorable John P. Cronan, United States District Judge for the Southern District of New York.

2. Attached is Judge Cronan's Order, dated July 22, 2025, which sets forth certain deadlines and procedures related to this case.

3. You may hire a lawyer to represent you in this case or you may proceed *pro se* (that is, you may represent yourself without the assistance of a lawyer).  If you choose to proceed pro se, all communications with the Court should be through the *Pro Se* Office of the Unites States District Court for the Southern District of New York.  The *Pro Se* Office is located in Room 230 of the United States Courthouse, 500 Pearl Street, New York, NY. 10007, and may be reached at (212) 805-0175.

4. The plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed a movie on your computer.

5. The plaintiff may not know your actual name or address, but it does know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.

6. The plaintiff has filed subpoenas requesting your identity and contact information from your Internet Service Provider ("ISP").

7. If you do not want your ISP to provide this information to the plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena. This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case. If you choose to proceed *pro se*, your motion to quash or modify the subpoena should be mailed to the *Pro Se* Office, as described in paragraph 3.

8. If you move to quash the subpoena otherwise move to prevent your name from being turned over to the plaintiff, you may proceed anonymously at this time. Nevertheless, if you are representing yourself, you will have to complete an information card that you can obtain from the *Pro Se* Office of the Court. This information is *solely for use by the Court* and the Court will not provide this information to lawyers for the plaintiff unless and until it determines there is no basis to withhold it. The Court must have this information so that it may communicate with your regarding the case.

9. Even if you do not file a motion to quash or modify the subpoena, you may still proceed in this case anonymously at this time. This means that the Court and the plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.

10. If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if represented, your lawyer) should provide a letter stating that you would like

to proceed anonymously in your case. If you choose to proceed *pro se*, your letter should be mailed to the *Pro Se* Office, as described in paragraph 3. This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case. You should identify yourself in your letter by the case in which you are a defendant and you IP address. If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.